## METROPOLITAN DISCOUNT COMPANY v. GEORGE M. BAKER.

(Filed 4 December, 1918.)

**Negotiable Instruments — Acceptances — Purchaser—Fraud—Due Course— Vendor and Purchaser—Evidence.**

In an action to recover upon an acceptance of which the plaintiff claims to be a holder in due course, and there is evidence to show it was given in the purchase of jewelry by sample, which upon delivery was ascertained to be of very inferior or unmerchantable quality and not according to the sample, and the action is defended upon the ground that the sales agent had perpetrated a fraud therein upon the acceptor of the paper : *Held,* the burden was upon the plaintiff to show that he was a purchaser in due course, before maturity, in good faith, for value, without notice of the infirmity of the instrument, etc. (Revisal, secs. 2201, 2208) ; and evidence of the defendant as to its price, inferior quality, or that it was not up to the standard and had been refused by his customers, etc., is competent.

APPEAL by plaintiff from *Cline, J.,* at July Term, 1918, of MITCHELL.

*Charles E. Greene for plaintiff.*
*No counsel for defendant.*

CLARK, C. J. This is an action begun before a justice to recover on five acceptances of $40, each executed to the payee therein, the National Novelty Import Company, of St. Louis, Mo. It appears that the salesman of said company came to the defendant's place of business in Bakersville, N. C., and sold him silverware and jewelry, by sample, for which these acceptances were given. The defendant testified that when the articles came they were very inferior and not up to the sample, and the jury find that the execution of the acceptances were procured by the false and fraudulent representations of the National Novelty Import Company.

The court instructed the jury that if the plaintiff bought the acceptances in the open market, in a fair and honorable way, as negotiable

paper in the ordinary course of trade, that is in good faith and before maturity for valuable consideration, to so find. The plaintiff company resides in St. Louis, where the payee of these notes also resides. The jury found the second issue in the negative.

The only exceptions are that the court permitted the defendant to testify from whom he bought the silverware, and how much he paid for it; that the silverware was permitted to be exhibited to the witness, who was allowed to state that it was not a standard brand; that he was also permitted to state that he offered the jewelry for sale, and that it was inferior, and that he would not have purchased it if he had known its quality. All these exceptions were upon the first issue, and the evidence was competent as tending to show the fraud perpetrated by the agent in the sale of the goods. It seems strange that the defendant gave his acceptances before the goods came.

The plaintiff claimed, however, that it was a purchaser in due course, having taken the paper before maturity in good faith and for value, and that it had no notice of any infirmity in the instrument or defect in the title of the person negotiating it, and therefore is entitled to recover. Revisal, 2201. The jury have found the second issue to the contrary, and there is no exception as to that issue nor to the charge, nor for any refusal to charge.

The defendant having pleaded fraud as to the execution of the paper and introduced evidence, the burden was upon the plaintiff to prove by the greater weight of the evidence that it was a holder in due course, for value, and without notice. Revisal, 2208; *Campbell v. Patton,* 113 N. C., 481; *Mfg. Co. v. Summers,* 143 N. C., 109; *Bank v. Fountain,* 148 N. C., 590; *Park v. Exum,* 156 N. C., 228; *Bank v. Walser,* 162 N. C., 62; *Trust Co. v. Ellen,* 163 N. C., 46; *Smathers v. Hotel Co.,* 168 N. C., 72; *Bank v. Branson,* 165 N. C., 344.

No error.