FANNIE B. McCOY, Trading as McCOY REALTY COMPANY v. WACHOVIA BANK AND TRUST COMPANY.

(Filed 14 June, 1933.)

**1. Appeal and Error F a—**

Where the only assignment of error is the appellant's exception to the judgment, the correctness of the judgment alone will be considered on appeal.

**2. Brokers D a—Broker is not entitled to commissions unless he procures purchaser ready, able and willing to buy upon terms agreed upon.**

In order for a broker to be entitled to commissions it is necessary that he secure a purchaser ready, able and willing to complete the purchase on the terms agreed upon between the broker and the vendor, and where the broker and vendor do not agree upon the terms upon which a sale is to be made there is no binding contract, and where the broker has secured only a prospective purchaser, the broker is not entitled to commissions upon the subsequent sale of the property to him upon terms later agreed upon between the. vendor and purchaser.

**3. Trial D b—**

A directed verdict may not be given in favor of a party upon whom rests the burden of proof, nor may the court instruct the jury to answer the issue in his favor if they found the facts to be as all the evidence tended to show if the evidence on a material aspect of the case is uncertain.

**4. Bills and Notes C a—**

In order for a party to establish his ownership of notes as a *bona fide* purchaser he must not only show that he acquired the notes for value before maturity, but also that he had no notice or knowledge of outstanding equities.

**5. Appeal and Error K e—A new trial will be awarded where otherwise party would lose benefit of exceptions taken at trial.**

Where in the trial of an action in the county court the jury has answered the issue submitted on defendant's counterclaim adversely to defendant, and on appeal to the Superior Court judgment has been entered remanding the case to the county court with order that a directed verdict be entered in defendant's favor on the counterclaim, and on appeal to the Supreme Court *is held* that defendant was not entitled to a directed verdict, a new trial will be awarded on the issue, the defendant having lost the benefit of exceptions entered to the plaintiff's evidence relating to the counterclaim.

Appeal by plaintiff from *Clement, J.,* at November Term, 1932, of Buncombe.

The plaintiff sued the defendant for commissions alleged to be due her for procuring a purchaser of real estate to whom the defendant afterwards made a conveyance.

The defendant held notes in the principal sum of $10,000, which with accrued interest and taxes, was secured by two deeds of trust on the Case farm. The plaintiff alleged that the defendant employed her to sell this property at the price of $12,000; that she procured a purchaser; that the defendant sold the farm to the purchaser; and that she is entitled to commissions at 5% on the amount of the sale.

The defendant denied these allegations and set up a counterclaim against the plaintiff. The case was tried in the General County Court and resulted in a verdict and judgment for the plaintiff. On appeal to the Superior Court it was adjudged that the plaintiff's action be dismissed as in case of nonsuit; that the defendant was entitled to a directed verdict on its counterclaim; and that the defendant's cross-action be remanded to the county court. The plaintiff excepted and appealed.

*Cathey & McKinney for appellant.*
*Bourne, Parker, Bernard & DuBose for appellee.*

Adams, J. The only assignment of error is the appellant's exception to the judgment of the Superior Court, and on appeal to this Court no other is to be considered. *Smith v. Winston-Salem,* 189 N. C., 178; *Davis v. Wallace,* 190 N. C., 543; *Smith v. Texas Co.,* 200 N. C., 39; *Bakery v. Insurance Co.,* 201 N. C., 816.

We find no error in the judgment of nonsuit. A broker who undertakes to negotiate a sale of property is not entitled to commissions unless he finds a purchaser who is ready, able, and willing to complete the purchase on the terms agreed upon by him and the vendor. The right to commissions depends on the successful performance of the broker's services, and nothing is to be paid unless a bargain is effected. A prospective agreement is not sufficient. *Mallonee v. Young,* 119 N. C., 549; *Trust Co. v. Adams,* 145 N. C., 161; *Crowell v. Parker,* 171 N. C., 392.

The material allegations in the sixth, seventh, and eighth paragraphs of the complaint are that the plaintiff found a purchaser who would pay $12,000 for the property but the defendant would not agree to give terms. This signified that the defendant offered to sell only for cash; and the plaintiff expressly testified that the proposed purchaser "was never ready, willing, and able to pay $12,000 cash; he never was in position to pay all cash."

Other parts of her testimony demonstrate that between her and the defendant there was no definite contract; they never agreed on the terms of the sale. The plaintiff testified: "I saw Mr. Morris and told him that Mr. Wolfe wanted to purchase it and was willing to pay $4,300 down, and would pay the balance in six, twelve, and eighteen months, and would prefer to have eight, sixteen, and twenty-four

HUNTER v. AUTO CO.

months.. . . . Mr. Morris said they were willing to accept $4,300 down, but would not state any terms; that they would be willing to give liberal terms, but would not state what the liberal terms were. He didn't know exactly what they would do, but would give terms. He didn't state exactly what they would do then." It is evident that, according to the plaintiff's testimony, she had no definite terms upon which to offer the farm for sale.

As there was no binding contract between the parties the defendant did not become liable to the plaintiff by a subsequent consummation at a sale under the principle stated in *Trust Co. v. Goode,* 164 N. C., 19.

The judgment allowed the defendant's motion for a directed verdict on the counterclaim and remanded the cause for further proceedings. The defendant had the burden of establishing the counterclaim and a verdict may not be directed in favor of the party upon whom rests the burden of proof. *Eller v. Church,* 121 N. C., 269. Assuming, however, that the court intended to say that the jury should be instructed to answer the issues as to the counterclaim in favor of the defendant if the facts were found to be as all the evidence tended to show, we find the evidence uncertain as to whether the defendant had knowledge of such facts as would make its action in taking the notes equivalent to bad faith. C. S., 3037. The burden was on the defendant to show that it was a bona fide purchaser of the notes; it was not sufficient to show that it purchased them for value before maturity; it was required to show that it had no actual notice or knowledge of the plaintiff's equity. *Bank v. Branson,* 165 N. C., 344.

The issue was submitted to the jury in the county court and answered adversely to the defendant, but as the disposition of the case in the Superior Court deprived the defendant of the benefit of its exceptions to the plaintiff's evidence concerning the counterclaim, the appropriate relief can be granted only by a new trial on this issue. The judgment is

Modified and affirmed.