MRS. DELLA EDNEY v. MOTOR SERVICE AND SALES, INC.

(Filed 14 October, 1936.)

**Cancellation of Instruments A c—Failure to read instrument because plaintiff did not have her glasses held not to bar action for cancellation.**

Evidence that plaintiff owed nothing on her car, but was induced to sign a conditional sales contract thereon securing a debt owed the dealer by plaintiff's son, for which plaintiff was not liable, by false representations by the dealer's agents that the writing was an application for insurance on the car, and that plaintiff could not read the writing at the time because she did not have her glasses, *is held* sufficient to be submitted to the jury in plaintiff's action for the cancellation of the writing for fraud.

APPEAL by the defendant from *Pless, J.,* at January Term, 1936, of HENDERSON. No error.

This is an action for the cancellation of a paper writing, in form a conditional sales contract, signed by the plaintiff, on the allegation that the signature of the plaintiff on said paper writing was procured by the false and fraudulent representation of the defendant that said paper writing was an application for a policy of insurance on an automobile which the defendant had sold and delivered to the plaintiff. The allegation was denied in the answer.

The issue submitted to the jury was answered as follows:

"Was the paper writing designated as plaintiff's Exhibit B procured by the fraud of the defendant as alleged in the complaint? Answer: 'Yes.'"

From judgment that the paper writing described in the complaint be canceled and surrendered by the defendant to the plaintiff, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Redden & Redden for plaintiff.*
*R. L. Whitmire for defendant.*

PER CURIAM. The evidence offered by the plaintiff at the trial of this action was sufficient to support the allegations of the complaint, which are sufficient to constitute a cause of action on which the plaintiff is entitled to the relief prayed for in her complaint. The motion of the defendant for judgment as of nonsuit was properly denied by the trial court. Its demurrer in this Court cannot be sustained.

The evidence for the plaintiff tended to show that the paper writing signed by her is a conditional sales contract, and in legal effect is a

chattel mortgage; that the plaintiff was induced to sign said paper writing by the false and fraudulent representation of defendant's agents and employees that said paper writing was an application by the plaintiff for a policy of insurance on an automobile which the defendant had sold and delivered to the plaintiff; and that plaintiff, although able ordinarily to read, could not read the said paper writing, before she signed it, because she did not have her glasses with her. The debt secured by the mortgage was not the purchase price of the automobile or any part thereof. Plaintiff had paid the full purchase price at the time the automobile was delivered to her. The mortgage secured a debt of plaintiff's son to the defendant, for which plaintiff was not liable. Immediately upon her discovery that the paper writing which she had signed was a mortgage to the defendant on her automobile, the plaintiff demanded that same be canceled and returned to her by the defendant. This demand was refused by the defendant.

The evidence for the plaintiff was sharply contradicted by the evidence for the defendant. The good character of its agents and employees was shown by evidence for the defendant.

All the evidence was submitted to the jury under a charge by the court, in which we find no error. See *Parker v. Thomas,* 192 N. C., 798, 136 S. E., 118. *Cromwell v. Logan,* 196 N. C., 588, 146 S. E., 233, is readily distinguishable from the instant case.

The judgment is affirmed.

No error.