BOLICH-HALL REALTY & INSURANCE COMPANY v. C. C. DISHER.

(Filed 6 June, 1945.)

1. **Brokers and Factors § 10—**

A prime requisite, for the recovery of commission from his principal by a rental broker, is that the broker must find, while his contract of agency is still in effect, a prospect ready, able and willing to lease the premises on the terms specified by the owner in his contract with the broker.

2. **Brokers and Factors § 11—**

It is not enough that a broker has devoted his time, labor, or money to advance the interest of his employer. Unsuccessful efforts, however meritorious, afford no ground for action. Where his acts bring about no agreement or contract between his employer and a purchaser, by reason of his failure, the loss must be all his own.

3. **Principal and Agent § 4—**

An agency can be revoked at any time before a valid and binding contract, within the scope of the agency, has been made with a third party, provided the contract contains no time limit and the revocation is made in good faith. The only exception is an agency coupled with an interest, and that must be an interest in the subject of the agency, and not merely something collateral, as commissions or compensation for making the sale.

4. **Principal and Agent § 6: Brokers and Factors § 12—**

In an action by a broker against his principal for commissions, where all the evidence showed that the plaintiff had a right to lease the defendant's property for $385 per month, less 5% commissions, and that the best offer plaintiff was able to get, before the agency was revoked, was $350 per month, a motion for judgment as in case of nonsuit, made at the close of plaintiff's evidence, and renewed at the close of all the evidence, G. S., 1-183, should have been allowed.

APPEAL by defendant from *Clement, J.,* at November Term, 1944, of FORSYTH.

This is a civil action by a broker against a real estate owner to recover commission for allegedly procuring a lease of real estate to the North Carolina Baptist Hospital, Inc., which the owner, the defendant, subsequently leased directly to said lessee. The lease of the property involved, the Victoria Court Apartments, is admitted by the defendant, the owner thereof, but he denies liability for commission to the plaintiff, claiming that he himself made a direct lease of the property to said lessee.

From verdict and judgment for the plaintiff, the defendant appeals, assigning error.

*Felix L. Webster for plaintiff, appellee.*
*W. H. Boyer, Fred S. Hutchins, and H. Bryce Parker for defendant, appellant.*

SCHENCK, J.   The defendant demurred to the evidence and moved to dismiss the action or for judgment as in case of nonsuit when the plaintiff had introduced its evidence and rested its case, and renewed his motion when all the evidence on both sides was in, G. S., 1-183, which motion was refused and the defendant preserved exception.   We are constrained to hold that such exception is well taken.

A prime requisite for recovery by a broker in a case of this nature is that the broker must find, while his contract of agency is still in effect, a prospect ready, able and willing to lease the premises on the terms specified by the owner in his contract with the broker.

The evidence tends to show, and no more, that the agreement between the plaintiff, the broker, and the defendant, the real estate owner, gave the plaintiff a right to lease the apartment house of the defendant for $385.00 net per month, less 5% commission to the broker, and that the best offer the plaintiff was ever able to procure was for a lease of said premises at $350.00 per month.   "A broker who negotiates a sale of an estate is not entitled to his commissions until he finds a purchaser in a situation and ready and willing to complete the purchase on the terms agreed upon between the broker and vendor."   *Mallonee v. Young,* 119 N. C., 549, 26 S. E., 141.   To the same effect is *Trust Co. v. Adams,* 145 N. C., 161, 58 S. E., 1008, where it is written: "It is not enough that the broker has devoted his time, labor, or money to advance the interests of his employer.   Unsuccessful efforts, however meritorious, afford no ground of action.   Where his acts bring about no agreement or contract between his employer and the purchaser, by reason of his failure in the premises, the loss of expended and unremunerated effort must be all his own.   He loses the labor and skill used by him which he staked upon success."   See also *McCoy v. Trust Co.,* 204 N. C., 721, 169 S. E., 144.   The law relative to the negotiation of a lease of real estate by a broker is the same as that relative to the sale of real estate by a broker.

It is established by the evidence of both the plaintiff and the defendant that the plaintiff never secured a prospect to lease the premises at $385.00 per month, and, not having done so, it is not entitled to recover commissions.

Furthermore, it appears from the evidence of the plaintiff itself that before the plaintiff produced any prospective lessee the defendant re-

voked the agreement he had with the plaintiff relative to the leasing of the premises, such revocation being a letter from the defendant to the plaintiff dated 18 May, 1942, introduced by the plaintiff. It is well settled law that the owner of real estate may revoke a broker's authority to sell his real estate, or to lease it, at any time prior to the procurement of a prospective purchaser or lessee, provided there is no time limit fixed in the agreement, and the revocation is made in good faith. "But aside from that, an agency can be revoked at any time before a valid and binding contract, within the scope of the agency, has been made with a third party. The only exception is an agency coupled with an interest, and that must be an interest in the subject of the agency, and not merely something collateral, as commissions or compensation for making sale." *Abbott v. Hunt,* 129 N. C., 403, 40 S. E., 119. See also *Trust Co. v. Adams, supra; Olive v. Kearsley,* 183 N. C., 195, 111 S. E., 171. In the instant case not only was no time limit specified in the brokerage agreement, but the president of the plaintiff company testified he did not want such a limit therein and had expressly had it excluded.

"An owner has a right to terminate the authority of the broker at any time before the broker, performing his undertaking or complying with the terms of the offer, has fully earned his commissions." *Walsh v. Grant,* 152 N. E., 884 (Mass.). "Ordinarily, unless a contract of employment is coupled with an interest or is given for a valuable consideration, the authority of the agent may be terminated at will by giving notice, subject only to the requirement that it be given in good faith, and before the broker finds a purchaser." Walker, Law of Real Estate Agency, section 15.

It is the established law in this jurisdiction that a real estate broker is not entitled to commissions or compensation unless he has found a prospect, ready, able and willing to purchase in accordance with the conditions imposed in the broker's contract, and, further, that the owner may revoke the agency at any time without liability, provided the broker's contract contained no time limit and the revocation was made in good faith. Such being the law, and there being no evidence in the record tending to show that the plaintiff ever found or tendered a prospect willing to lease the property involved for $385.00 per month as stipulated in the broker's contract, and the evidence of both plaintiff and defendant tending to show that the brokerage contract was revoked before any contract of lease was made by the defendant with the North Carolina Baptist Hospital, Inc., and there being no evidence to the effect that the said hospital corporation would ever have leased the premises upon the basis named in the brokerage contract, namely, $385.00 per month, the plaintiff's action must fail, and the court's refusal to sustain the defendant's motion to dismiss the same must be held for error.

The plaintiff contends that the evidence tends to show that its efforts were the procuring cause of the lease of the premises finally made by the defendant to the hospital corporation, but, however this may be, there is no evidence that the premises was ever leased for the figure named in the brokerage contract, that is, upon the principal's terms. There was therefore a failure on the part of the plaintiff to accomplish its principal objective under the broker's contract, namely, to procure a lessee ready, able and willing to lease the premises for $385.00 per month, and failing in this it is not entitled to recover any commission, although his efforts may have been advantageous to the owner. In *Mallonee v. Young, supra,* it is written: "We can see that the plaintiff (the broker) rendered some services, but he did not perform his part of the agreement, and we cannot see that he was the efficient agent in the sale. The sale was by the defendant to the purchaser, after the plaintiff had failed on his part and the property was out of his hands." For the plaintiff to recover on the theory that its efforts were the procuring causes of the lease by the defendant to the hospital corporation it must have established not only a valid contract of agency, but also the procurement of a prospect able, ready and willing to lease the premises on the terms of the brokerage contract. There is no evidence in the record that the plaintiff at any time, either before or after the revocation of the brokerage contract, ever procured a prospect willing to lease the premises on the terms of the contract. Therefore, the contention that the evidence was sufficient to carry the case to the jury upon the theory that the plaintiff's efforts were the procuring cause of the lease finally entered into by the defendant and the hospital corporation is not tenable.

For the reasons given, his Honor's refusal to allow the defendant's motion to dismiss the action upon demurrer to the evidence was in error, and the judgment below is therefore

Reversed.