No error.

---

C. C. BANKS, LYNN BANKS AND W. N. HARRIS v. W. M. NOWELL AND BLANCHE U. NOWELL.

(Filed 2 December, 1953.)

**1. Brokers § 10—**

In his action to recover commission, the broker must prove not only his contract to sell upon commission and that he procured a purchaser ready, able and willing to buy, but also that the purchaser was willing to buy upon the terms stipulated by the vendor, and where there is controversy as to whether the purchaser offered the price stipulated by the vendor the failure of the court to charge on this phase must be held for prejudicial error.

**2. Trial § 31 (b)—**

It is incumbent upon the trial court to instruct the jury on all substantial features of the case arising on the evidence, whether requested or not.

APPEAL by defendants from *Harris, J.,* February Term, 1953, of WAKE. New trial.

This was an action to recover broker's commissions alleged to be due for negotiating sale of certain real property described in the pleadings.

From judgment on the verdict in favor of plaintiffs, the defendants appealed.

*Brassfield & Maupin for plaintiffs, appellees.*

*Howard E. Manning for defendants, appellants.*

DEVIN, C. J.   The plaintiffs' evidence was sufficient to carry the case to the jury, and the motion for judgment of nonsuit was properly denied.

However, the defendants' assignments of error relating to the instructions given the jury by the trial judge require further consideration. The defendants excepted to the following portions of the judge's charge. ". . . the burden is on the plaintiffs to satisfy you that at all times there was a contract between W. N. Harris (one of plaintiffs) and Mr. and Mrs. Nowell, and that that contract was that Mr. Harris was to sell the land and receive 5% commission; if you are so satisfied, as I have already charged you, and again charge you, then the plaintiff should recover." . . . "It was the duty of the plaintiff Harris to present a purchaser for this timber and pulpwood who was ready, able, and willing to purchase the property from these defendants." . . . "If you are satisfied from the evidence and by its greater weight that there was a contract, and that Mr. Harris did present a purchaser who was ready, able, and willing to purchase this timber, then he fulfilled his contract and he ought to recover." ". . . the plaintiffs must satisfy you from the evidence and by its greater weight that there was a contract between Mr. W. N. Harris and these defendants to sell this timber; that he, Mr. Harris, did sell the timber, and that they, the defendants, received the money, and if you are satisfied from the evidence and by its greater weight that that is true, then the plaintiffs are entitled to recover."

Thus it appears that in giving instructions for the guidance of the jury on the issue submitted, the court charged the jury if they were satisfied there was a contract and that the plaintiff "did present a purchaser ready, able and willing to purchase this timber, then he fulfilled his contract and he ought to recover." In this instruction the court overlooked a material element necessary to be shown to entitle the plaintiffs to a favorable verdict, and that was to procure a purchaser not only ready, able and willing to buy but also to buy upon the terms agreed upon between the broker and the vendor.  *Mallonee v. Young,* 119 N.C. 549, 26 S.E. 141; *Trust Co. v. Adams,* 145 N.C. 161, 58 S.E. 1008; *Lindsey v. Speight,* 224 N.C. 453, 31 S.E. 2d 371; *White v. Pleasants,* 225 N.C. 760, 36 S.E. 2d 227.

As there was controversy on this point, we think the failure to charge adequately as to a substantial phase of the case must be held for error. The defendants offered evidence tending to show lack of agreement as to the terms and that the only offer plaintiffs obtained and submitted from the purchaser was for less than half the defendants' price and the amount they afterward secured by advertising for sealed bids.   It was incumbent

upon the court to instruct the jury on all substantial features of the case arising on the evidence, whether requested or not.

As there must be a new trial for the reason pointed out, other exceptions noted and brought forward in defendants' assignments of error need not be considered as they may not arise on another hearing.

New trial.