CHADBOURN WHITFIELD AND WIFE, ROSA WHITFIELD, v. CAROLINA HOUSING & MORTGAGE CORPORATION, JEFFERSON E. OWENS, TRUSTEE, AND CONSOLIDATED ROOFING COMPANY.

(Filed 21 March, 1956.)

**1. Cancellation and Rescission of Instruments § 12—Evidence that execution of note and deed of trust was procured by fraud held sufficient for jury.**

Plaintiffs' evidence tended to show that a representative of defendant roofing company induced plaintiffs to execute a contract for repairs to the roof, that immediately after the execution of the contract the representative presented to plaintiffs two other papers folded up like an envelope, that the male plaintiff could read his own name, but could not read fine print, that the papers were not read to plaintiffs, nor did plaintiffs read them, and that defendant's representative stated that the papers were not a mortgage "or anything like that," told plaintiffs not to pay any attention, just sign, snatched the papers back immediately plaintiffs had signed them, and that plaintiffs signed the papers not knowing that they had signed a promissory note and a deed of trust upon their home until threatened with foreclosure. *Held:* There was plenary evidence that plaintiffs' signatures to the instruments were procured by fraud.

**2. Bills and Notes § 32—**

Where, in an action on a note, it is alleged that the makers' signatures to the note were procured by fraud, and supporting evidence is introduced or fraud is admitted, the burden is on plaintiff holder to prove that he or some person under whom he claims acquired title to the note as a holder in due course. G.S. 25-65.

**3. Bills and Notes § 34—**

Evidence that the representative of a roofing company procured plaintiffs' signatures to a note and deed of trust by fraudulent misrepresentation, that the note and deed of trust were filled out on forms of a mortgage company, that the note was payable to the order of the roofing company at the office of the mortgage company, and that the trustee named in the deed of trust was an officer of the mortgage company, raises a permissible inference that the mortgage company is not a holder in due course for value and without notice of the fraud, and requires the submission of the issue to the jury.

APPEAL by defendants Carolina Housing & Mortgage Corporation and Jefferson E. Owens, Trustee, from *Moore, J.,* September Civil Term 1955 of NEW HANOVER.

Civil action to have declared null and void and to cancel a note and deed of trust, securing the same, upon the alleged ground that the two instruments were procured by fraud, and to restrain permanently a foreclosure of the deed of trust.

The issues submitted to the jury, and their answers thereto are as follows:

"1. Did the Consolidated Roofing Company, Inc. obtain by fraud the note, dated March 7, 1953, and signed by the plaintiffs, Chadbourn Whitfield and wife, Rosa Whitfield?
    Answer: Yes.
"2. If so, is the defendant Carolina Housing & Mortgage Corporation, a holder in due course of said Note?
    Answer: No."

From a judgment declaring that the note and deed of trust securing the same are null and void, as the note was procured by fraud; that this judgment serves as a cancellation of the note and deed of trust, and a duplicate original of the judgment shall be recorded in the Office of the Register of Deeds of New Hanover County; and that the defendants be enjoined permanently from foreclosing the deed of trust, the defendants Carolina Housing & Mortgage Corporation, and Jefferson E. Owens, Trustee in the Deed of Trust, except, and appeal.

*Solomon B. Sternberger and Hewlett & Williams for Plaintiffs, Appellees.*

*Carr & Swails for Defendants, Appellants.*

· PARKER, J.   The defendant Consolidated Roofing Company did not appeal.

The brief of the appellants has no reference anywhere to any ground of exception or any assignment of error.   This brief states two questions are involved:  One, was there sufficient evidence of non-negotiability of the promissory note involved in this action to justify submission of the issues to the jury?   Two, was there sufficient evidence to support the verdict?   The brief concludes with this language:  "The inquiry should have been terminated upon this appellant's motion for judgment as of nonsuit, and that no competent evidence of bad faith actual or implied on the part of this appellant was adduced to support the verdict."   It would seem that the appellants are relying solely upon their assignment of error as to the denial by the court of their motion for judgment of nonsuit renewed at the close of all the evidence.

The appellants make no contention that the complaint does not sufficiently allege that fraud, imposition or artifice was practiced upon the plaintiffs, who signed the note and deed of trust securing it, by the Consolidated Roofing Company, by means of which their signatures to these instruments were procured.   The appellants plead as a further answer and defense that the Carolina Housing & Mortgage Corporation is an innocent purchaser for value of the note executed by the plaintiffs to the Consolidated Roofing Company, and that neither it nor Jefferson

E. Owens, Trustee, had any knowledge or notice of any fraud in the procurement of the execution of the note by plaintiffs, if such fraud be shown to exist.

The plaintiffs' evidence tends to show the following facts. The plaintiffs, husband and wife, owned a home in New Hanover County about four miles out of the City of Wilmington. On the night of 4 March 1953 Al Oberman, in company with a Mr. Whitfield, came to their home. According to the evidence of the appellants, Sam Oberman was President of the Consolidated Roofing Company. Oberman told them he was going through the county fixing up houses, and he would like to fix up their home. Chadbourn Whitfield asked him if there was any mortgage, or anything like that, and Oberman replied No. Chadbourn Whitfield said he had too many children to mortgage his home. Oberman replied he did not expect a mortgage or deed of trust, and if he came to the home to collect for the work and Whitfield did not have the money, he would come again. The plaintiffs and Oberman agreed on a contract for the repair of the house, and all three signed it. At the same time Oberman presented to the plaintiffs two other papers to sign. These papers were folded up like an envelope. Chadbourn Whitfield asked what these papers were. Oberman replied, "this is nothing, just don't pay any attention, just sign it." The papers had a lot of fine print. Whitfield can't read fine print: he can read his own name. These two papers were not read to the plaintiffs, nor did they read them. Whitfield asked, what do you call these papers. Oberman replied, they are just for you to sign: they are no mortgage. Whitfield said it is no mortgage. Oberman replied, "it is no mortgage, just sign it up here." The plaintiffs signed these two papers. Oberman grabbed the papers out of Whitfield's hand, and put them back in his little sack. The plaintiffs did not know that they had signed a promissory note and a deed of trust upon their home securing it, until they received a letter from Jefferson E. Owens, Trustee, on 17 February 1954 saying something about a foreclosure of a deed of trust on their home.

These two papers—not the contract which was the first paper signed —were a promissory note and a deed of trust upon plaintiff's home securing the note, and were introduced in evidence by the Carolina Housing & Mortgage Corporation. The note is dated 7 March 1953, is in the amount of $1,050.84, and is payable to the order of Consolidated Roofing Company, Inc., at the office of the appellant Carolina Housing & Mortgage Corporation, Hickory, North Carolina, in 36 consecutive monthly installments. This note was endorsed: "Without recourse. Consolidated Roofing Company, Inc., (Dealer) (s) Sam Oberman, Title, Pres." Beneath this endorsement is another: "Without recourse. Carolina Housing & Mortgage Corporation (s) Jefferson E. Owens, President."

The deed of trust upon plaintiffs' home is dated 7 March 1953, and is of record in Book 513, page 165, in the Public Registry of New Hanover County. In the deed of trust the plaintiffs are the parties of the first part, Jefferson E. Owens of Catawba County is the party of the second part, and the holder of plaintiffs' note therein described is the party of the third part. Murray L. Weiss of Mecklenburg County appears in the instrument as Notary Public, and he certifies that the plaintiffs personally appeared before him on 7 March 1953, and acknowledged the due execution of the foregoing instrument for the purposes therein expressed.

The only time the plaintiffs signed any papers in respect to this transaction was in their home on the night of 4 March 1953. Weiss was not in their home. They don't know him. They have never been in Mecklenburg County. They have never acknowledged any papers before him.

Plaintiffs' evidence tended to show the inferior character of the workmanship performed by the Consolidated Roofing Company.

This action was instituted by plaintiffs in March 1954, after the receipt of a letter from Jefferson E. Owens, Trustee, in reference to a foreclosure of a deed of trust on their home.

It is significant that the Consolidated Roofing Company offered no evidence, though it filed an answer, was represented in court by counsel who participated in the trial, and though Sam Oberman, its president, was sitting in court during the trial.

The only witness offered by the appellants was Jack C. Anderson, a Vice-President of the Carolina Housing & Mortgage Corporation. He testified that the note and deed of trust here have the name of his company on their backs. These two papers were filled out on forms of his company furnished to the Consolidated Roofing Company. His company purchased this note from the Consolidated Roofing Company, and had purchased similar notes from it before and after this transaction. At the time of the purchase of plaintiffs' note his company was not aware of any defenses the plaintiff might have; it purchased the note relying upon its regularity on its face. When this note was purchased, Jefferson E. Owens was Vice-President and Treasurer of his company.

There is plenary evidence tending to show that there were misrepresentations as to the contents of the note and the deed of trust. Al Oberman repeatedly said these papers were not a mortgage. The note and deed of trust were not read to plaintiffs. Chadbourn Whitfield can read his own signature, but not fine print. If the plaintiffs could read the note and deed of trust, there is simple evidence to show that they were induced not to do so by the positive fraud or false representations

made by Al Oberman, and relied on by them. After the note and deed of trust were signed, Oberman grabbed them out.of Chadbourn Whitfield's hand, and put them "back in his little sack." The appellants in their brief make no contention that no fraud was practiced upon the plaintiffs by the Consolidated Roofing Company by means of which their signatures to the note and deed of trust were procured. There is ample evidence to support the first issue. *Leonard v. Power Co.*, 155 N.C. 10, 70 S.E. 1061; *Parker v. Thomas*, 192 N.C. 798, 136 S.E. 118; *Edney v. Motor Service & Sales*, 210 N.C. 569, 187 S.E. 758.

The appellants' argument in their brief is that the evidence is "barren of any matter that would reflect upon the status of the defendant appellant as a holder in due course." All citation of authority by them is on that point.

The charge of the court has not been brought forward. It is apparent from the issues submitted to the jury, and the argument in the briefs, that the case was tried in the Superior Court upon the theory of fraud in the treaty. As to the difference between fraud in the *factum* and fraud in the treaty, see: *Parker v. Thomas, supra; Medlin v. Buford*, 115 N.C. 260, 20 S.E. 463.

It is thoroughly established law with us that when fraud in the origin or transfer of a promissory note is pleaded, and evidence is introduced to that effect or fraud is admitted, "the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." G.S. 25-65; *Hancammon v. Carr*, 229 N.C. 52, 47 S.E. 2d 614; *McCoy v. Trust Co.*, 204 N.C. 721, 169 S.E. 644; *Clark v. Laurel Park Estates*, 196 N.C. 624, 146 S.E. 584; *Whitman v. York*, 192 N.C. 87, 133 S.E. 427; *Discount Co. v. Baker*, 176 N.C. 546, 97 S.E. 495; *Bank v. Fountain*, 148 N.C. 590, 62 S.E. 738; 11 C.J.S., Bills and Notes, pp. 58-60, where many more of our cases to the same effect are cited in note 5; Anno. 18 A.L.R. 25, *et seq.*

The rationale for the rule given in the English cases is that, if the notes were proved to have been obtained by fraud, that afforded a presumption that he who is guilty of the fraud will part with the instrument for the purpose of enabling some third party to sue upon it, and such presumption operates against the holder, and it devolves upon the third party to show that he is a holder in due course. *Bailey v. Bidwell*, 13 Mees. & Wels., 73, 153 English Reports, Full Reprint, 30; approved in *Smith v. Braine*, 3 Eng. L. & Eq. 379, 117 English Reports, Full Reprint, 872; and in *Harvey v. Towers*, 4 Eng. L. & Eq. 531, 155 English Reports, Full Reprint, 706. A just rule, because the third party must best know what consideration he gave for the note, if any.

The note and deed of trust here were filled out on the forms of the Carolina Housing & Mortgage Corporation. The note was payable to

the order of Consolidated Roofing Company at the office of Carolina Housing & Mortgage Corporation. The trustee named in the deed of trust was a principal officer of Carolina Housing & Mortgage Corporation. The date of the assignment without recourse of the note by the payee does not appear. The plaintiffs' evidence tends to show, and the jury so found, that a gross fraud was perpetrated upon the plaintiffs in procuring their signatures to these two instruments. When all the facts attendant upon the transaction are considered, it cannot be successfully contended, in our opinion, that no fair or reasonable inference is permissible from the evidence that the Carolina Housing & Mortgage Corporation is not a holder in due course for value and without notice of the infirmity of the note.

The court below properly overruled the motion for judgment of nonsuit. The second issue, and the creditability of the material evidence relevant to the inquiry on that question, were for the jury, and it would have constituted reversible error for the court to have decided the question and to have withdrawn its consideration from the jury.

In the trial below we find

No error.