WILLIAM K. SPARKS v.
JAMES R. PURSER AND WIFE, LOTTIE R. PURSER.

(Filed 31 October 1962.)

Brokers and Factors § 6—

Plaintiff broker's evidence to the effect that he was given a nonexclusive listing of defendant's property, that he contacted a prospective buyer but was never able to get an unqualified offer from the prospect for the price stipulated, that the seller thereafter gave the exclusive listing to another broker, and that the prospect thereafter purchased through such other broker, to whom the seller paid the full commission, *is held* insufficient to be submitted to the jury in plaintiff's action to recover commissions.

APPEAL by plaintiff and by defendant James R. Purser from *Riddlc*, *S. J.*, April 9, 1962 Special "B" Term, MECKLENBURG Superior Court.

The plaintiff, a real estate broker, instituted this civil action to recover $1,825.00 commission on the sale of a house and lot on Queen's Road, West, in Charlotte. The defendants, by answer, denied the plaintiff had any exclusive listing of the Queen's Road house and lot,

or that he produced a purchaser, ready, able and willing to buy at the price fixed by the owners.

The evidence, in short summary, disclosed the following: At the time the defendants listed the house and lot with the plaintiff, they informed him that other realtors also had the listing. In addition, they reserved the right to make a sale themselves. Prior to the nonexclusive listing, the defendants had been in touch with the subsequent purchasers, Lawrence V. Senn and wife, although the negotiations had been suspended. As a result of the plaintiff's ad in the paper, the Senns began and carried on with the plaintiff negotiations for the purchase of the Queen's Road property. These negotiations also included a sale of the Senn's home. The plaintiff, however, was not able to close a contract with the Senns. The defendants thereafter, without notifying the plaintiff, gave an exclusive listing to the Withrow Agency which displayed a "for sale" sign on the lot. The Senns saw this sign and thereafter through the Withrow Agency, they closed a contract and purchased the Queen's Road house and lot at the price fixed by the defendants. The plaintiff was never able to secure an unqualified offer of $36,500 from the Senns or anyone else. The defendants paid the Withrow Agency the full commission of $1,825.00.

At the conclusion of the evidence the court dismissed the action against Lottie R. Purser, then submitted issues which the jury answered as here indicated:

"1. Did the defendant, James R. Purser, list the property at 1446 Queens Road West with the plaintiff for sale, as alleged in the complaint, and authorized him to sell it at a price of $36,500?
     Answer: Yes.
"2. If so, did the defendant wrongfully breach said contract with the plaintiff?
     Answer: Yes.
"3. If so, what amount is plaintiff entitled to recover of the defendant?
     Answer: $912.50."

From the judgment on the verdict that the plaintiff recover of the defendant James R. Purser the sum of $912.50, both parties appealed.

*Welling, Welling & Meek for plaintiff.*
*Ray Rankin, Henry E. Fisher for defendant.*

HIGGINS, J. Both the plaintiff and the defendant James R. Purser appealed. The defendant assigns as error the refusal of the court to grant his motion for nonsuit at the close of all the evidence. The plain-

tiff assigns as error the refusal of the court to set aside the verdict on the third issue for that the jury having found the parties entered into a contract which the defendant breached, the court as a matter of law should have answered the third issue $1,825.00.

The evidence disclosed that originally the defendants and the Senns had some negotiations looking toward the sale of the Queen's Road property. The negotiations were dropped. The Senns saw the plaintiff's advertisement and undertook to purchase the defendant's house and lot. However, the negotiations also involved a sale of the Senn's home. Before any final and binding offer was obtained by the plaintiff, the defendant apparently gave an exclusive listing to the Withrow Agency. The Senns saw Withrow's sign displayed on the lot and thereafter they negotiated with Withrow and closed the sale at the seller's price of $36,500.00 The plaintiff, never, at any time, was able to obtain an unqualified offer from the Senns or anyone else to pay the price fixed.

The plaintiff admitted he did not have an exclusive listing. He did not introduce evidence that he obtained an unqualified offer from a purchaser, ready, able and willing to pay $36,500.00. "It is the established law in this jurisdiction that a real estate broker is not entitled to commissions or compensation unless he has found a prospect, ready, able and willing to purchase in accordance with the conditions imposed in the broker's contract . . ." *Ins. Co. v. Disher,* 225 N.C. 345, 34 S.E. 2d 200. ". . . commissions are based upon the contract of sale." *Trust Co. v. Adams,* 145 N.C. 161, 58 S.E. 1008; *White v. Pleasants,* 225 N.C. 760, 36 S.E. 2d 227; *Banks v. Nowell,* 238 N.C. 737, 78 S.E. 2d 761; *McCoy v. Trust Co.,* 204 N.C. 721, 169 S.E. 644.

This is not a case in which the owner went behind the broker's back to take advantage of his efforts, then closed the sale himself in order to escape a broker's commission justly earned, as in *Cromartie v. Colby,* 250 N.C. 224, 108 S.E. 2d 228. The sale was negotiated by Withrow, to whom the defendant paid full commission. The evidence did not make out a case for the jury. Compulsory nonsuit should have been entered at the close of the evidence. This disposition makes it unnecessary to discuss plaintiff's appeal. The judgment of the superior court is

Reversed.