ROBERT A. BURGE T/A ROBERT A. BURGE REAL ESTATE INVEST-
    MENTS, AND ACC MANAGEMENT, INC., PLAINTIFFS v. FIRST SOUTHERN
    SAVINGS BANK, DEFENDANT

No. 9326SC507

(Filed 3 May 1994)

**Brokers and Factors § 26 (NCI4th)— broker's contract—prospect
purchasing after contract expires—plaintiffs not entitled to
commission**

> Plaintiffs were not entitled to a commission on the sale
> of defendant's property, though their prospect ultimately pur-
> chased the property sixteen months after plaintiffs' marketing
> contract expired, since plaintiffs' prospect was willing to pur-
> chase, but made the offer conditioned upon the acquisition
> of an additional one and a half acre lot which defendant did
> not own; defendant was required to negotiate with a third
> party for the sale of the additional acreage, a duty which
> defendant did not assume under the contract with plaintiffs;
> the purchaser was not willing to pay the brokers' commission
> as the parties' contract required; plaintiffs thus did not find
> a purchaser ready, willing, and able to purchase the seller's
> property on the terms provided in the broker's contract; and
> plaintiffs were not the procuring cause of the sale.

> **Am Jur 2d, Brokers § 183.**

> **What deviation in prospective vendee's proposal from ven-
> dor's terms precludes broker from recovering commission for
> producing a ready, willing, and able vendee. 18 ALR2d 376.**

Appeal by plaintiffs from judgment entered 11 February 1993
by Judge William H. Helms in Mecklenburg County Superior Court.
Heard in the Court of Appeals 1 March 1994.

In March 1991, defendant entered into an exclusive marketing
contract (the contract) with plaintiff Robert A. Burge Real Estate
Investments (Burge) under which Burge was required to find a
purchaser for defendant's nine acre lot in Forsyth County. The
contract was dated 22 March 1991, and by the express terms of
the writing it terminated on 26 March 1991.

Plaintiff ACC Management (ACC) represented a client who was interested in purchasing defendant's lot. Before Burge's contract with defendant expired ACC informed Burge of its client, and Burge and ACC agreed to co-broker defendant's property. Burge and ACC introduced the prospective purchaser to defendant, after which the prospective purchaser offered to purchase defendant's property. The offer was, however, subject to several contingencies, one of which was the prospective purchaser's ability to purchase an additional one and a half acres adjacent to defendant's property. Defendant did not own this additional acreage. On 10 April 1991 defendant met with Burge and agreed to attempt to purchase the additional acreage. Apparently the purchase never materialized.

In July 1991, defendant mailed the prospective purchaser an option to purchase an eleven acre lot which included the original nine acre lot. A letter enclosed with the option indicated that another real estate broker was handling the transaction. After learning of the new broker's involvement, plaintiffs notified defendant that they should handle the sale because they procured the prospective purchaser. Defendant told ACC to contact the new broker if it wished to participate in the sale. ACC did not contact the new broker, and the sale was finally closed in July 1992 without plaintiffs' participation.

Plaintiffs brought suit seeking (1) payment of commission on the sale, (2) punitive damages, and (3) damages under N.C. Gen. Stat. § 75-1.1 for unfair and deceptive practices. Defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted. The court allowed the motion and entered judgment dismissing plaintiffs' claims. From this judgment plaintiffs appeal.

*Eugene S. Tanner, Jr. for plaintiff appellants.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by S. Leigh Rodenbough IV and John W. Ormand III, for defendant appellee.*

ARNOLD, Chief Judge.

Plaintiffs argue that they are entitled to a commission on the sale of defendant's property because their prospect ultimately purchased the property. A real estate broker is entitled to a commission if the broker proves (1) the existence of a binding contract between the broker and seller and (2) the broker's performance

of that contract. *Thompson-McLean, Inc. v. Campbell*, 261 N.C. 310, 313, 134 S.E.2d 671, 674 (1964). The performance generally required of the broker is to find a purchaser ready, willing, and able to purchase the seller's property on the terms provided in the broker's contract. *Id*. Plaintiffs here did not procure such a purchaser, and they are therefore not entitled to a commission.

The contract required a purchaser who was willing to purchase the nine acre lot for $100,000.00 per acre, and who was willing to pay the brokers' commission. Although plaintiffs' prospect offered to purchase the nine acre lot, he made the offer conditioned on the acquisition of an additional one and a half acre lot which defendant did not own. As a result, defendant was required to negotiate with a third party for the sale of the additional acreage, a duty which defendant did not assume under the contract with plaintiffs. In addition, the purchaser was not willing to pay the brokers' commission.

Negotiations for the sale of defendant's lot, in which defendant promised to try to acquire the additional acreage, continued past the expiration date of the contract, but no agreement arose from those negotiations. Thus, plaintiff's allegations, from which these facts were drawn, show that plaintiffs did not fulfill their obligations under the contract. They did not produce a purchaser ready, willing, and able to purchase on the terms provided in the contract.

Nonetheless, plaintiffs argue that they are entitled to a commission because they were the procuring cause of the sale. Although plaintiffs originally put the purchaser in contact with defendant, the ultimate sale did not materialize until sixteen months after the initial contact and not until defendant (1) arranged for the sale of a lot in addition to the nine acre lot it owned, (2) contracted for the services of a new broker, and (3) assumed the responsibility for paying the new broker's commission. Plaintiffs cannot contend in the face of these facts that they were the procuring cause of the sale. *See Hecht Realty, Inc. v. Whisnant*, 41 N.C. App. 702, 255 S.E.2d 647, *disc. review denied*, 298 N.C. 299, 259 S.E.2d 912 (1979). The allegations show that plaintiffs did not perform as the contract required, and in failing to perform plaintiffs are not entitled to a commission under a procuring cause theory even though their efforts might have been advantageous to defendant. *Bolich-Hall Realty & Ins. Co. v. Disher*, 225 N.C. 345, 348, 34 S.E.2d 200, 202 (1945).

VAUGHAN v. J. P. TAYLOR CO.

[114 N.C. App. 651 (1994)]

Plaintiffs also asserted a claim for punitive damages. They were not entitled to punitive damages, obviously, unless they asserted a cause of action through which nominal or compensatory damages were recoverable, *Onslow Wholesale Plumbing & Elec. Supply, Inc. v. Fisher*, 60 N.C. App. 55, 63, 298 S.E.2d 718, 723 (1982), *aff'd*, 308 N.C. 540, 302 S.E.2d 632 (1983), and, as discussed above, plaintiffs failed to state such a claim. Plaintiffs' claim for punitive damages was, therefore, properly dismissed.

Plaintiffs finally argue that their claim for damages under N.C. Gen. Stat. § 75-1.1 (1988) was improperly dismissed. We can say as a matter of law that plaintiffs' allegations are insufficient to create a cause of action for unfair and deceptive practices. Plaintiffs contend that (1) defendant's sale of the property without plaintiffs' involvement and (2) defendant's refusal to reveal the details of the sale to plaintiffs constitute violations of G.S. § 75-1.1. As settled above, defendant was under no obligation to plaintiffs arising out of the sale after plaintiffs failed to fulfill their obligations under the contract. Therefore, defendant's failure to involve plaintiffs does not create a cause of action under Chapter 75.

Affirmed.

Judges COZORT and LEWIS concur.