Filed May 20, 1887.

---

No. 11,968.

## WILLIAMS *v.* LESLIE.

PRINCIPAL AND AGENT.— *Real Estate Broker.—Commission.—Contract.*— Where an agency to sell land is limited to nine months, but it is stipulated in the contract that if a customer is introduced through the agency of the broker, and a sale is afterwards consummated with such customer, the owner shall pay a commission, whether the time of the agreement shall have expired or not, the broker may recover the commission if, during his agency, he introduces a customer to whom the land is afterwards sold, whether the sale is ultimately consummated through his instrumentality or otherwise.

From the Daviess Circuit Court.

*W. R. Gardiner* and *S. H. Taylor,* for appellant.
*J. H. O'Neall* and *D. J. Hefron,* for appellee.

MITCHELL, J.—On the 15th day of April, 1882, James Williams and Alexander Leslie made a written agreement by which Williams employed Leslie, upon certain stipulated terms, to sell, or introduce to him a purchaser who would thereafter purchase the farm owned by the former in Daviess county.

The contract provided that in the event of a sale brought about through the agency of Leslie, the latter was to receive as compensation four per cent. of the purchase-price of the

land, reckoned at $75 per acre, or at such price as Williams should accept therefor. It provided further, that if a sale was brought about outside of the influence of Leslie's agency, or if the real estate was withdrawn from the market, within a period of nine months from the date of the contract, the agent was to be paid 2 per cent. commission nevertheless, and if the agent produced a purchaser for the land at the price, and upon the terms named, within the time specified, and the owner refused to complete the sale, he agreed to pay the agent full commission. The contract closed thus: "If a customer is introduced through the agency of the said Leslie, and a sale is afterwards consummated with such customer, I agree to pay the commission before mentioned whether the time of this agreement shall have expired or not."

In a complaint upon the foregoing contract, Leslie alleged that during the existence of the agency, he advertised the land for sale, and made a trip to the State of Ohio, taking Williams with him. He alleges that he introduced a Mr. Shepard to Williams, and that, as a consequence of being so brought in communication with each other, the latter consummated a sale of his land to the former, at the agreed price of $21,000. His claim is that Williams thereby became indebted to him for the commission stipulated in the contract.

The propriety of the ruling of the court in overruling a demurrer to the complaint is the only question presented.

The appellant claims, that by a fair construction of the contract, he was not liable to pay a commission unless a sale was effected, or a purchaser produced, within nine months from the date of the contract, and that as it does not appear from the complaint when the agent produced the purchaser, it did not state a cause of action on the contract.

We do not concur in this view. In effect, the contract was, that if the owner withdrew the land from sale, or effected a sale outside of the appellee's agency within nine months, he was nevertheless to pay the agent 2 per cent. commis-

sion on an estimated or agreed price for the land. This was doubtless intended to indemnify the agent for the cost of properly advertising the property, and putting it before the public for sale. In consideration of the agent's diligence in that regard, the owner of the land agreed that whether he withdrew it from sale, or sold it himself, or through any other agency, within the space of nine months, he would in any event pay the appellee a stipulated commission. After the expiration of nine months, if a sale had not been consummated meanwhile, the agent took the chance that his principal might withdraw the property from sale, or sell it himself, or by any other agency, without liability to him, subject only to the contingency provided for in the last clause of the contract.

The effect of that clause was, that in the event of a sale, where, or by whomsoever consummated, if made to a customer introduced through the agency of Leslie, that is, if the latter was the producing cause of the sale, he was to have his commission. The complaint alleges that the sale was consummated to a customer introduced through Leslie's agency. He was the efficient cause of bringing the vendor and purchaser together. By the very terms of the contract he was entitled to compensation, whether the sale was consummated within nine months or not.

The agent was entitled to his commission when he had procured and introduced a party with whom his principal was satisfied, and who actually purchased the property at a price satisfactory to the owner. Wharton Agency, section 328.

The complaint stated a good cause of action, and there was no error in the ruling of the court.

Judgment affirmed, with costs.

Filed May 20, 1887.