Filed June 7, 1890.

---

No. 14,346.

## LESLIE *v.* BOYD.

REAL ESTATE.—*Broker.*—*Commission.* — *Contract of Agency.* — *Construction of.*—A contract of agency for the sale of land provided for a broker's commission of 5 per cent. on the amount of the consideration. It was further provided that "If said real estate is transferred, or sold, outside of the influence or agency of said Leslie, or withdrawn from the market within twelve months from this date I agree to pay said Leslie a commission of 2 per cent. If a customer is introduced through the agency of said Leslie, and a sale is afterwards consummated with said customer I agree to pay the commission aforementioned, whether the time of this agreement shall have expired or not."

*Held,* that the principal had the right to withdraw his real estate from the market, or to sell it to a purchaser not furnished by the agent, in which case he would have been liable for a commission of 2 per cent.; but that having done neither, and having sold to a purchaser furnished by the agent after the expiration of a year, he was liable for the commission of 5 per cent., the contract being a continuing one until terminated in some manner provided for by the contract.

From the Daviess Circuit Court.

Leslie *v.* Boyd.

*W. R. Gardiner* and *S. H. Taylor,* for appellant.
*J. W. Ogdon* and *F. B. Burke,* for appellee.

BERKSHIRE, C. J.—The complaint in this case is in one paragraph. The court below sustained a demurrer thereto, and the appellant, refusing to amend his complaint, final judgment was rendered for the appellee upon the ruling on the demurrer.

The complaint is in substance as follows: The appellee, by his certain written obligation, a copy of which is filed, employed and authorized the appellant, as his agent, to bargain and sell certain real estate owned by the appellee ; that during the existence of said agency the appellant advertised said land for sale, and brought the same into market, and through the agency of the appellant, on the 1st day of August, 1886, the appellee and one Finnicum were brought together, and, pursuant thereto, the appellee consummated a sale with said Finnicum, and sold and conveyed said land, on the 16th day of August, 1886 ; that the consideration paid therefor, by said Finnicum, was $2,160, or $18 per acre, and by reason thereof the appellee became indebted, etc.

The contract so far as we need quote from it is as follows:

" I, Joseph M. Boyd, of the county of Daviess, State of Indiana, have this day employed and empowered Alexander Leslie of Washington, Indiana, as my agent to bargain and sell for me, execute bond (in my name) for a title, as my agent, receive and receipt for money paid on the following described real estate situated in the county of Daviess, State of Indiana: " (here follows a description of the real estate) " One hundred and twenty acres, more or less. In the event of a sale through his agency, I agree to pay said Leslie a commission of five per cent. on the amount of the consideration, $18 per acre. If said real estate is transferred or sold outside of the influence or agency of said Leslie or withdrawn from the market within twelve months from this

VOL. 124.—21

date, I agree to pay said Leslie a commission of two per cent. on the sum of $18 per acre. Terms of sale: One-third cash, the remainder in three equal annual payments, running one, two and three years from date of sale, said notes to bear interest at the rate of six per cent., and all of said back payments to be secured by mortgage on said property. Commission due and payable when sale is made. If the said Leslie produces a purchaser at the price and the terms as above, and I fail to complete the title, I agree to pay him full commission. It is agreed and understood by the undersigned that the commission and the excess, with attorney's fees, shall stand as a lien against the above described property until the same are paid. If a customer is introduced through the agency of said Leslie, and a sale is afterwards consummated with said customer, I agree to pay the commission aforementioned whether the time of this agreement shall have expired meanwhile or not.

" Witness my hand and seal this 21st day of April, A. D. 1885.                    JOSEPH M. BOYD."

In our opinion, under the averments in the complaint there was a good cause of action stated.

We understand from briefs of counsel that the court construed the contract as only continuing for the period of one year, and at the end of that time, though the appellee may have made a sale to a purchaser introduced by the appellant, the appellee was not bound to pay the commission.

We do not so construe the contract. The duration of the contract is not fixed by its terms; at any time within one year from its execution the appellee had the right to withdraw his real estate from the market, or to sell it to a purchaser not furnished by the appellant, and had he done either he would have been liable to pay a commission of two per cent.; but he did neither.

After the time named had elapsed, the agency of the appellant still continued.

Suppose the appellant had sold the real estate upon the

terms named in the obligation, and executed a bond as therein provided, after the year had terminated would not the appellee have been compelled to execute the contract? And if not, why not? We can imagine no legal excuse upon which to have rested a refusal. Until the termination of the agency, either by sale or by the act of the appellee, as provided in the contract the appellant's authority to make the sale continued.

The agency was a continuing one until terminated in some manner known to the contract.

It is probable that the appellee had the right under the contract to terminate the agency after one year from the date of the contract, without liability except as in the last clause of his obligation. But, if he had done so, had a purchaser thereafter appeared and purchased the property of the appellee, his introduction being the result of the services and influence of the appellant, in advance of the termination of the agency, the said last named clause of said obligation would have rendered the appellee liable. This is so by its very terms: "If a customer is introduced through the agency of said Leslie, and a sale is afterwards consummated with said customer, I agree to pay the commission aforementioned, whether the time of this agreement shall have expired meantime or not."

The case of *Williams* v. *Leslie,* 111 Ind. 70, fully supports our conclusion.

Judgment reversed, with costs.

Filed June 17, 1890.