W. F. ELLER v. A. L. FLETCHER AND WIFE, MRS. MAY FLETCHER.

(Filed 16 April, 1947.)

1. **Brokers § 11—**

Under the general rule, a real estate broker is entitled to his stipulated commission, or compensation for his services, when, pursuant to agreement with the owner, he has procured a purchaser ready, able and willing to purchase the property upon the terms offered by the owner.

2. **Brokers § 12—**

A complaint alleging that plaintiff had procured a purchaser ready, able and willing to purchase the *locus in quo* upon the terms stipulated by defendants when they engaged plaintiff's services to secure a purchaser, and that after plaintiff so advised defendants, defendants began to propose and require other conditions and changes in the terms of sale and finally withdrew the offer of sale, *is held* not subject to demurrer on the ground that the complaint disclosed that sale was not consummated, there being nothing in the complaint disclosing that consummation of sale was a condition precedent to right to commission.

APPEAL by defendants from *Grady, Emergency Judge,* at September Civil Term, 1946, of WAKE. Affirmed.

Defendants' demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was overruled, and defendants excepted and appealed.

*Wilson & Bickett and John W. Hinsdale for plaintiff, appellee.*
*A. J. Fletcher and F. T. Dupree, Jr., for defendants, appellants.*

DEVIN, J. The plaintiff instituted action to recover commission as real estate broker, alleged to have been earned by procuring a responsible purchaser for defendants' house and lot in accordance with the terms of his agreement with the defendants. By demurrer the defendants raise the question of the sufficiency of the complaint to state a cause of action.

From an examination of the complaint it appears that plaintiff has alleged substantially that the defendants engaged his services to secure a purchaser for their property at the purchase price of $27,500 cash, plaintiff's commission to be $1,000; that pursuant to his agreement with defendants, the plaintiff secured Dr. R. N. Anderson as purchaser for the property at the price stated; that check for $500 of the purchase price was given plaintiff, the balance $27,000 to be paid in cash upon showing of title; that plaintiff so advised the defendants, but defendants began to propose and require other conditions than those contained in defendants' original offer of sale as accepted by the purchaser, and changed and added to the terms, and after two months of endeavoring to meet the changed and varying conditions, the defendant finally withdrew the offer of sale. It was alleged that plaintiff had performed his contract and procured a purchaser ready, able and willing to purchase the property on the terms offered and upon which the services of plaintiff had been engaged.

The view was presented in the argument here that the complaint was fatally defective in that it is alleged that the offer of sale was withdrawn and sale not completed. In support of this position defendants cite *Ins. Co. v. Disher,* 225 N. C., 345, 34 S. E. (2d), 200. In that case it was held that the owner had a right to withdraw the authority of the broker at any time before the broker "has fully earned his commissions." But here it is substantially alleged that the plaintiff had fulfilled his engagement and earned his commission, and that thereafter defendants withdrew the offer of sale and refused to carry the transaction through in accordance with the terms of their offer as made and accepted by the purchaser. It was not alleged that the agreement to pay commission was conditioned upon an actual sale being completed, nor that it should be paid out of the sales price, as was the case in *Jones v. Realty Co.,* 226 N. C., 303, 37 S. E. (2d), 906.

It was said in *White v. Pleasants,* 225 N. C., 760, 36 S. E. (2d), 227, "Where the broker has made a sale of the land or has procured a purchaser who is ready, willing and able to buy on the terms set forth by the principal, the principal, although having the power, has no legal right, without incurring liability for the wrongful termination, to revoke the broker's agency to sell." To the same effect is the holding in *Lindsey v. Speight,* 224 N. C., 453, 31 S. E. (2d), 371.

Under the general rule a real estate broker is entitled to his stipulated commission, or compensation for his services, when, pursuant to agreement with the owner, he has procured a purchaser ready, able and willing to purchase the property upon the terms offered by the owner. *Crowell v. Parker,* 171 N. C., 392, 88 S. E., 497; *House v. Abell,* 182 N. C., 619 (628), 109 S. E., 877; *Harrison v. Brown,* 222 N. C., 610, 24 S. E. (2d), 470; 8 Am. Jur., 1090; 2 Restatement Law of Agency, 1038-1041.

We think the plaintiff has alleged sufficient facts in his complaint to survive a demurrer, and that the judgment should be

Affirmed.