Bert W. REINKE, Appellant,

v.

H. G. WEST, Appellee.

No. 10485.

Court of Civil Appeals of Texas.

Austin.

May 22, 1957.

Niece & Smart, J. C. Hinsley, Austin, for appellant.

Tom H. Davis, Austin, for appellee.

HUGHES, Justice.

H. G. West, a licensed real estate broker, sued appellant Bert W. Reinke for damages for breach of an exclusive listing agreement executed by Reinke and pertaining to 8.41 acres of land owned by him in Travis County.

A nonjury trial resulted in judgment for Mr. West for the amount of damages sued for and $300 attorneys' fees.

Appellant groups his first three points for briefing. They are that the court erred in holding that the written listing agreement was valid and in effect and in holding appellee entitled to a commission of 5% of $78,334 the amount offered for the property by a ready, able and willing purchaser procured by appellee.

The agreement executed by appellant and his wife follows:

The trial court found as facts that (1) no written termination of the listing was made by appellant, (2) that appellee "from time to time from July 11, 1953, to April 11, 1955, advertised, conversed with and took prospective purshasers on defendant's land in an attempt to procure purchasers for the property described in said listing agreement". (3) On April 11, 1955, appellee presented appellant with a written cash offer of $78,334 for the property from a ready, willing and able buyer which offer appellant refused. (4) In January, 1956, appellant sold a portion of the acreage listed with appellee to the same purchaser previously procured by appellee for $42,711.64 on which amount appellee was paid a commission of 5%.

Appellant says "There is substantially no dispute as to the facts. The real dispute is concerning the errors of the trial court in applying the law to the facts."

Appellant's first position under these points is that the contract providing only for a 90-day listing and thereafter from day to day or until written termination must be limited to a reasonable duration and that a period of 22 months was unreasonable.

■ We do not agree that the rule contended for is applicable. The parties exercised their right to contract freely. They provided for a method of terminating the listing agreement which appellant failed to invoke. He is bound by the contract as written.

■ Even if we applied the rule of reasonable time we would, under the circumstances, hold the offer to have been procured within a reasonable time. We quote from the testimony of appellee:

"Q. After July 11, 1953, and during the period of time you were showing this property to prospective purchasers, did you have occasion to discuss with Mr. Reinke this property that you were showing? A. On many occasions, yes, sir.

"Q. Can you recall where you might have met him or he might have met you or anything you might have discussed? A. Well, I know we discussed it in his dining room. That is where we usually sat in his home and many, many times Mr. Reinke would come to my office at 2312 South Congress and we would discuss the property and the efforts to sell it at my place.

"Q. Was Mr. Reinke also looking for property to purchase at that time? A. Yes, he would frequently suggest to me to keep a lookout for some property he might buy in the event this property was sold.

"Q. And he would come by your office and discuss whether or not you had found anything? A. That's right.

"Q. Or whether or not you had found any purchasers for his property? A. That's right.

"Q. Do you know about how many occasions this was? A. At my office I would say perhaps half a dozen times and in his home an equal number of times.

"Q. Can you recall about when the last time when one of these visits occurred before April of 1955? A. I think shortly before Mr. Barrow's offer was made I had occasion to talk to Mr. and Mrs. Reinke, I would say a couple of weeks before that time.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Mr. West, did you work continuously on this property from July 11, 1953, until you presented these contracts from Mr. David Barrow? A. I don't believe there was a month or perhaps more than once a month that that property was shown during the entire period of time from the listing up until Mr. Barrow's contract was presented.

"Q. Was this listing contract ever cancelled during that period of time? A. No, sir.

"Q. Did Mr. Reinke ever tell you that he did not want you to continue working on this property? A. No, sir."

It was next contended that appellee has never fully complied with the terms of the listing agreement in that he has never "produced a purchaser who was ready, able and willing to lease the property covered by the listing agreement, receiving an option to purchase the property at the end of the lease for $74,500.00."

■ We construe the listing agreement, supra, as constituting an unconditional offer to sell for $74,500 the provisions for leasing and option to buy being, at most, an alternative or additional offer.

Appellant makes other contentions under these points to the effect that the testimony of appellee shows that in the event the property was sold appellant would have the privilege of deciding whether the sale should be for cash or on terms and hence the contract was incomplete.

■ The contract is, on its face, complete and since there are no pleadings by appellant seeking reformation of it he and we are bound by the agreement as written.

■ Appellant's further contention that the original listing was superseded by a subsequent agreement is overruled for the reason that there is no pleading to support such defense.

■ Appellant's fourth point is that there has been an accord and satisfaction of appellee's claim for commission. This point is based on these facts: In January 1956, appellant sold to the same purchaser previously procured by appellee a portion of the lands covered by the listing agreement between the parties and appellee was paid a 5% commission on the price paid. This payment was by appellant's check which bore this notation "5%—comm in full—Barrow Sale."

There was only one sale—the partial sale to Mr. Barrow. The notation on the check does not purport to be in settlement of any commission except on the "Barrow sale." As to any verbal accord the trial court found:

"During the negotiation prior to the partial sale in January, 1956, defendant, Bert W. Reinke, and wife did not contend nor claim that if plaintiff accepted the $2,135.58 commission on the partial sale that such commission would be in lieu of any other compensation that defendant owed plaintiff."

We find no basis for an accord and satisfaction and overrule point four.

■ The last two points relate to the allowance of attorneys' fees. The amount of these fees, if collectible, was stipulated. Appellant concedes that allowance of attorneys' fees is proper under Art. 2226, V.A.C.S., if appellee is entitled to recover upon his claim for commission. Since we have sustained such recovery these points are overruled.

No error appearing the judgment of the trial court is affirmed.

Affirmed.