E. L. BONN v. RAYMOND SUMMERS and wife, ELSIE SUMMERS.

(Filed 14 January, 1959.)

**1. Brokers and Factors § 6—**

Where a broker, within the time limited in the contract, obtains a purchaser ready, able and willing to purchase on the terms prescribed by vendors, the broker is entitled to his commission, notwithstanding vendors voluntarily fail to comply with their agreement to sell.

**2. Brokers and Factors § 2—**

An exclusive listing with a broker which stipulates that it should be in force for a period of three months and thereafter until revoked by the giving of notice, and stipulates further that if within three days after "this listing expires" the broker should furnish a list of the prospects actually shown the property, vendors would pay full commission if any of the prospects purchased the property within ninety days after expiration of the agreement, is not ambiguous and requires affirmative action on the part of vendors in order to effect its cancellation unless such requirement is waived by the broker.

**3. Same—**

Whether a broker by conduct or otherwise waives the contractual notice of the termination of the brokerage contract is ordinarily for the jury.

APPEAL by plaintiff from *Johnston, J.,* May 26 Civil Term, 1958, of GUILFORD (Greensboro Division).

This is a civil action instituted in the Municipal-County Court of Greensboro, North Carolina, on 11 October 1957 for the purpose of collecting the sum of $1,200.00 alleged to be due the plaintiff as commission for the sale of the defendants' 86-acre farm, pursuant to the terms of a contract entered into by and between the plaintiff and the defendants on 21 May 1957. The plaintiff obtained a judgment in the Municipal-County Court and the defendants appealed to the Superior Court of Guilford County where the matter was heard *de novo.*

The contract executed by both the defendants granted to the plain-

tiff for a period of three months from the date of the agreement and thereafter until the agreement should be revoked by ten days' notice in writing delivered to the plaintiff, the exclusive right and authority to sell the property therein described for the sum of $12,000, payable $5,000 in cash, the balance to be secured by first mortgage, or upon other terms mutually agreeable. The contract provided for the plaintiff to receive a cash commission of ten per cent of the gross consideration upon the sale of the property. The contract contained this further provision: " * * * and if within three days after this listing expires you furnish me a list of prospects to whom you or your representative has actually shown this property, then I will pay you full commission should any of these prospects purchase the property within in 90 days after expiration of this listing."

The plaintiff submitted to the defendants on 19 September 1957 a written offer of $11,500 in cash, and the plaintiff testified he agreed to reduce his commission to five per cent in order that the sale might go through. The defendant Raymond Summers accepted this offer in writing; the defendant Elsie Summers refused to accept it.

On 1 October 1957 the plaintiff tendered to the defendants a written offer from the same purchaser for $12,000, payment to be made upon delivery of a deed conveying a good and marketable title to said property. The defendants refused to accept the offer.

The plaintiff thereafter on 4 October 1957 made demand by registered letter for the payment of his commission of $1,200.00. The defendants made no response thereto and this action was instituted.

At the close of plaintiff's evidence the defendants moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Hoyle & Hoyle, and J. Sam Johnson, Jr., for plaintiff.*
*J. Owen Lindley, Stedman Hines, and Benjamin Hines for defendants.*

DENNY, J.  There is no contention on the part of the defendants that the plaintiff did not procure a *bona fide* purchaser, who was ready, able, and willing to purchase the property of the defendants upon the terms offered by them. However, the defendants take the position that under the terms of their contract, the plaintiff's authority to sell the property involved expired at the end of three months from 21 May 1957 and that they were under no obligation to accept any contract of purchase submitted by the plaintiff after the expiration of that period. The contract is not so written. It provides for the listing to continue after the expiration of three months' period

fixed therein and until the defendants revoke the listing by giving ten days' written notice thereof to the plaintiff.

There is no contention that any written notice was given to the plaintiff revoking the listing prior to the procurement by the plaintiff of a *bona fide* purchaser.

It seems to be settled law that where a broker acts within the terms and authority given, and succeeds in procuring a contract of sale with a responsible purchaser, he is entitled to his stipulated commission and his claim therefor is not affected because the vendors voluntarily fail to comply with their agreement to sell. *Crowell v. Parker,* 171 N.C. 392, 88 S.E. 497; *House v. Abell,* 182 N.C. 619, 109 S.E. 877; *White v. Pleasants,* 225 N.C. 760, 36 S.E. 2d 227; *Eller v. Fletcher,* 227 N.C. 345, 42 S.E. 2d 217; *Carver v. Britt,* 241 N.C. 538, 85 S.E. 2d 888; 8 Am. Jur., Brokers, section 184, page 1097.

Where property is listed for sale with an agent and no time limit is set in the contract, notice of revocation of authority to sell must be given to the agent by the principal, otherwise the broker is entitled to his commission if he produces a purchaser who is ready, able, and willing to purchase the property listed with the agent. *Reams v. Wilson,* 147 N.C. 304, 60 S.E. 1124; Mechem on Agency, section 226, page 151, et seq.

It is true that where no time is fixed for the continuance of a contract between the broker and his principal, either party can terminate the contract at will, subject to the ordinary requisites of good faith. The only exception is an agency coupled with an interest, and that must be an interest in the subject of the agency and not merely a collateral interest, such as in commissions or compensation for making sale. However, a revocation will not be effective for the purpose of depriving the broker of his commission when a responsible purchaser is procured before the revocation. *Abbott v. Hunt,* 129 N.C. 403, 40 S.E. 119; *Insurance Co. v. Disher,* 225 N.C. 345, 34 S.E. 2d 200; *White v. Pleasants, supra.*

This brings us to the gravamen of this appeal. The defendants contend the contract is ambiguous, contradictory, and unenforceable. They insist that in one sentence the agreement indicates that it might be in full force for a period of three months subsequent to the signing of the instrument and thereafter until revoked by giving the notice required therein by the defendants. However, in a subsequent paragraph the same document states, "if within three days after this listing expires you furnish me a list of prospects to whom you or your representative has actually shown the property * * * I will pay you full commission * * *."

They insist that the term "revocation" denotes the necessity for

affirmative action on the part of the defendants, while the term "expires" indicates that the contractual relationship automatically ceased at a definite time, specifically after the three months' period stated in the contract.

We find no ambiguity in this contract or any irreconcilable provision therein. The contract does require affirmative action on the part of the defendants in order to effect its cancellation, unless such requirement had been waived by the plaintiff. Under the terms of the contract, the defendants had the right to give the plaintiff notice of revocation ten days before the expiration of three months. *Greene v. Donner*, 198 Wis. 122, 223 N.W. 427. If such notice had been given, the plaintiff's authority to sell would have been revoked at the expiration of the three months. Since this was not done, the contract, in our opinion, remained in full force and effect until notice of revocation was given as provided in the contract or the intention of the defendants not to comply therewith was brought to the attention of the plaintiff before he procured a purchaser.

In 12 C.J.S., Brokers, section 16, page 48, it is said: "Where the contract creates an exclusive agency for a certain period and provides that it may be revoked at the expiration of such period only by a specified written notice, the agency is exclusive for the period specified and continues thereafter until revoked by such notice; and such a contract is not objectionable as being for an indefinite or unreasonable term, since it may be revoked at any time, by written notice."

In *Reinke v. West*, Texas Appeals, 303 S.W. 2d 419, the contract in question gave the broker authority to sell the land for a period of ninety days, "and thereafter from day to day until you are given written notice of the termination of this contract * * *" The contract in question was dated 11 July 1953 and a written cash offer for the sale of the land was presented to the principal on 11 April 1955. The principal contended "that the contract providing only for a 90-day listing and thereafter from day to day or until written termination must be limited to a reasonable duration and that a period of 22 months was unreasonable." The Court dismissed this contention, saying, "We do not agree that the rule contended for is applicable. The parties exercised their right to contract freely. They provided for a method of terminating the listing agreement which appellant failed to invoke. He is bound by the contract as written."

In the case of *Hentges v. Wolff*, 240 Minn. 517, 61 N.W. 2d 748, the contract granted the brokers the exclusive right to sell the property in question "until March 1, 1952, and thereafter until ten days' written notice terminating the agreement was received." The agreement was entered into on 2 January 1952 and contained this further pro-

visions: "It is further agreed that upon any sale or contract for the sale of said real estate made by me within three months next after the termination of this agreement to any person with whom you have had negotiations for the sale of the same and of which I shall have been advised, I will pay you the full rate of commission, as above indicated."

On 1 May 1952, negotiations for the sale of the property were begun by the brokers with one Dougherty, the ultimate purchaser, of which negotiations defendant was advised. On 23 June 1952, defendant sold the property to Dougherty. The Court held that the defendant must pay the commission, thus holding that the contract was in effect under the extension provision, no notice having been given of its termination.

In *Brownell v. Hanson*, 109 Wash. 447, 186 P 873, the contract in question provided that the authority of the broker to sell the land was "to continue in force for thirty days and thereafter until sold, unless revoked by a written notice at the expiration of the thirty days." The defendant sold the property involved through another broker, without having given the plaintiff any notice of the revocation of his authority to sell. The plaintiff procured a judgment against the defendant for commissions. The defendant appealed and contended in the appellate court that the provision that the agency should continue in force after the thirty days until the property was sold, unless revoked by written notice at the expiration of 30 days, in effect constituted an agreement in perpetuity. The Court said: "This contention is not meritorious. The agency could easily be revoked at any time, either at or after the fixed period had expired, by written notice as the contract provided, and there is certainly nothing in the nature of a perpetuity in such contracts."

Likewise in *Gunning v. Muller*, 118 Wash. 685, 204 P 779, the contract provided, "I do hereby give and grant unto you for the period of 60 days from the date hereof and hereafter until withdrawal by ten days' written notice the exclusive right to sell said property * * *" In affirming the judgment of the lower court, awarding the broker his commissions, the Supreme Court of Washington said, "No notice of cancelation or withdrawal of the contract was ever given, therefore it was in force at the time of the sale." See also *Howard & Brown Realty Co. v. Barnett, Missouri Appeal*, 206 S.W. 417, and *Leslie v. Boyd*, 124 Ind. 320, 24 N.E. 887. Cf. *Wilson v. Franklin*, 282 Pa. 189, 127 A 609.

Whether the plaintiff, by his conduct or otherwise, waived the necessity of giving notice as required by the terms of the agreement under

consideration, is for the jury to determine. We have before us the plaintiff's evidence only. Even so, in our opinion, his evidence, when considered in the light most favorable to him, as it must be on motion for judgment as of nonsuit, is sufficient to require its submission to the jury. *Lindsey v. Speight,* 224 N.C. 453, 31 S.E. 2d 371; *White v. Pleasants, supra.* Hence, the judgment of the court below is

Reversed.