SOUTHLAND ASSOCIATES REALTORS, INC. v. ALAN N. MINER AND AMY J. ELDRIDGE

No. 8210SC1221

(Filed 15 November 1983)

Brokers and Factors § 6— right to real estate commission—issue for jury
        A genuine issue of material fact for the jury was presented as to whether plaintiff real estate broker secured a purchaser ready, willing and able to buy defendants' property on defendants' terms so as to entitle plaintiff to a commission where the evidence showed that the contract between the parties gave plaintiff the exclusive right to sell the property at a price of $134,900.00 but fixed no terms of the sale; plaintiff presented evidence that it obtained an offer to purchase from two prospective purchasers who agreed to pay a portion of the price with a promissory note secured by a purchase money deed of trust, that this offer to purchase was signed by the male defendant, that the female defendant verbally agreed to these terms, that the prospective purchaser submitted a second offer to purchase in which they agreed to pay the asking price by assuming defendants' mortgage and paying the balance in cash, and that defendants then stated that they did not wish to sell their property; defendants in their answer denied that the first offer to purchase was ever submitted to them; and there was no evidence that defendants' mortgage was assumable or that defendants would have agreed to the assumption. Therefore, the trial court erred in entering summary judgment for the plaintiff.

APPEAL by defendants from *Farmer, Judge.* Judgment entered 25 June 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 18 October 1983.

This is a civil action in which plaintiff, a real estate broker, seeks to recover a commission for having procured a purchaser

for defendants' property. The trial court granted summary judgment in plaintiff's favor, and defendants appealed.

After examining the pleadings, affidavits and admissions, we conclude that there was an unresolved issue of material fact and reverse the summary judgment in plaintiff's favor.

*Gary S. Lawrence, for plaintiff appellee.*

*Law Offices of Robert A. Hassell, by R. U. Sturtevant, for defendant appellants.*

ARNOLD, Judge.

On 4 November 1981 defendants entered into a contract giving plaintiff the exclusive right to sell their property for a period of 90 days at the asking price of $134,900. Plaintiff was to receive a 6% commission "upon the sale or exchange of said property . . . upon the terms hereinafter mentioned, or upon any other terms mutually agreeable." No terms are listed in this contract.

On 8 January 1982 plaintiff filed a complaint against defendants alleging that on 8 November 1981 it obtained an offer to purchase and contract from Louis and Priscilla Coleman. The Colemans expressly agreed to pay a portion of the asking price with a promissory note secured by a purchase money deed of trust. Monthly payments on the note were to be at the rate of 12.5%. This offer to purchase and contract further shows that it was signed by defendant Alan N. Miner on 14 November 1981. Plaintiff alleged that defendant Amy Eldridge verbally agreed to these terms. Plaintiff further alleged that on 7 January 1982 the Colemans submitted a second offer to purchase defendants' property. Under the terms of this offer the Colemans agreed to pay the asking price by paying $1,500 in earnest money, assuming defendants' existing mortgage at 12.5% and paying the balance in cash. Defendants allegedly refused to sign this offer, and stated they did not wish to sell their property. Plaintiff alleged that it had secured a purchaser, ready, willing and able to buy defendants' property for the asking price; and that defendants are indebted to it for a commission of $8,094.

In their answer, defendants denied that the first offer to purchase was submitted to them. They admitted submission of the

second offer but denied that plaintiff ever secured purchasers who were ready, willing and able to purchase the defendants' property for the asking price.

Plaintiff moved for summary judgment on 15 April 1982 and filed supporting affidavits of its manager, the realtor who allegedly procured the offers to purchase and the Colemans. The averments in these affidavits indicate that after defendants were informed of the 14 November 1981 offer to purchase, defendant Eldridge advised plaintiff's manager that she did not wish to sell the house; that Eldridge subsequently agreed to sign the offer to purchase if the closing date was delayed; that the Colemans agreed to this delay and that Eldridge again indicated that she did not intend to go through with the sale. Evidence in these affidavits further indicate that the Colemans paid $1,500 as earnest money on 8 November 1981; that in preparation of the purchase they made certain financial and closing arrangements and that up to and including the date the complaint was filed they have been ready, willing and able to purchase the property for the asking price.

The defendants presented no affidavits in response to plaintiff's motion for summary judgment.

Defendants argue that there existed an issue of material fact as to whether plaintiff had produced a purchaser ready, able and willing to purchase defendants' property on defendants' terms. Upon examination of the facts and pertinent law, we agree.

The law in North Carolina allows a broker to recover a commission only if he has found a prospect, ready, able and willing to purchase in accordance with the conditions imposed in the broker's contract. *Sparks v. Purser*, 258 N.C. 55, 127 S.E. 2d 765 (1962). "[A]bsent a provision respecting the time of payment, a contract for the sale of realty will be construed as requiring payment in cash simultaneously with the tender or delivery of the deed." *Kidd v. Early*, 289 N.C. 343, 358, 222 S.E. 2d 392, 403 (1976). The North Carolina Courts have further indicated that if the owner of property never gives the broker the details of the terms in the agreement to sell, then the broker is precluded from producing a buyer ready, able and willing to purchase on terms fixed by the owner. *See Thompson-McLean, Inc. v. Campbell*, 261 N.C. 310, 134 S.E. 2d 671 (1964). The North Carolina Supreme

Court found that Thompson-McLean, Inc., a realtor, either had no binding contract because the terms of the selling agreement were not finally fixed or, if they were, no purchaser willing to comply with these terms was procured. The Court cited the following language as support:

"Where the listing agreement fails to fix the terms for the sale or exchange of property, or specifies only part of the terms with the understanding that further details are subject to negotiation between the principal and the customer, the principal has been held free to terminate the negotiations without liability to the broker. Moreover, in such a case the broker may be denied compensation unless he produced a customer ready, able, and willing to buy on such terms as the principal may require, or as he accepts, or unless the principal and the customer reach a definitive oral or written agreement." (12 Am. Jur. 2d, Brokers § 187.)

*Id.* at 315, 134 S.E. 2d at 676 (1964).

In the case on appeal, the only term expressed in the contract between plaintiff and defendants is the cash price. There is no evidence that the Colemans ever made an offer to pay cash for the property, but instead sought to assume defendants' mortgage. There is no evidence that this mortgage was assumable or that defendants would have even agreed to an assumption. As a result there is insufficient evidence that the Colemans were either financially able to purchase the property or able to purchase the property under terms agreed to by the sellers. Furthermore, since the terms of the sale appear never to have been fixed, there was no binding contract between the parties and defendants could freely terminate the negotiations without liability to plaintiff.

Plaintiff has cited the following rule in *Bonn v. Summers*, 249 N.C. 357, 106 S.E. 2d 470 (1959), as support for its argument that summary judgment was properly allowed in its favor: "It seems to be settled law that where a broker acts within the terms and authority given, and succeeds in procuring a contract of sale with a responsible purchaser, he is entitled to his stipulated commission and his claim therefor is not affected because the vendors voluntarily fail to comply with their agreement to sell. (Citations omitted.)" *Id.* at 359, 106 S.E. 2d at 471. The plaintiff broker in *Bonn* had sought recovery of his commission, and a directed ver-

dict had been entered in the landowners' favor. The Supreme Court reversed and ordered the case submitted to the jury. The Court, however, emphasized that the owners were not contending that the broker failed to procure a bona fide purchaser, who was ready, willing and able to purchase the owners' property.

Plaintiff also argues that since defendant Miner, as owner of a one-half undivided interest in the property, signed the Colemans' first offer to purchase, summary judgment against Miner was proper. We disagree. An issue as to whether Miner ever signed the first offer to purchase was raised in his attorney's response to plaintiff's request for admissions. Miner's attorney specifically denied that Miner was shown this offer to purchase or that he signed it. We find it worth noting that under the present G.S. 1A-1, Rule 36 (1977 Cum. Supp.), a sworn answer to a request for admission is no longer necessary. The rule only requires that the response be signed by the party or his counsel. Genuine issues of fact regarding defendant Miner's liability were therefore raised.

We conclude that the pleadings, admissions on file, together with the affidavits, show that plaintiff did not satisfy its burden of showing there was no genuine issue of fact in controversy. Summary judgment for plaintiff is therefore

Reversed.

Judges HILL and BRASWELL concur.