CENTURY 21 v. DAVIS

[104 N.C. App. 119 (1991)]

CENTURY 21, TRENT PROPERTIES, LTD., AND ELWOOD MANESS, PLAIN-
TIFFS v. GEORGE W. DAVIS, JR., JACK P. HUDDLE, AND JACK P.
LEAVEL, DEFENDANTS

No. 903SC1005

(Filed 17 September 1991)

1. **Brokers and Factors § 23 (NCI4th); Contracts § 116 (NCI4th) —
   option to purchase — provision for broker fee — broker as third
   party beneficiary**

   Where an option to purchase land required the buyers
   to pay a 6% commission to the real estate broker who negotiated
   the sale, the broker had a right as a third party beneficiary
   of the option contract to enforce the buyers' promise to the
   sellers to pay the commission.

   **Am Jur 2d, Brokers § 188.**

2. **Brokers and Factors § 31 (NCI4th) — option to purchase —
   provision for broker fee — ten-day closing requirement not con-
   dition precedent**

   Where an option to purchase land required the buyers
   to pay a 6% commission to the real estate broker who negotiated
   the sale upon the exercise of the option and the closing of
   the sale, a requirement in the option that closing occur within
   ten days after the buyers gave notice of intent to exercise
   the option was not a condition precedent to the buyers' obliga-
   tion to pay the 6% commission, and the broker was entitled
   to recover the commission from the buyers even though the
   closing of the sale occurred well after the ten-day time limit
   for closing had passed and only after the buyers filed suit
   against the sellers to compel conveyance of the land.

   **Am Jur 2d, Brokers § 188.**

APPEAL by defendants from order entered 20 June 1990, *nunc
pro tunc* 30 May 1990, in CRAVEN County Superior Court by *Judge
James D. Llewellyn.* Heard in the Court of Appeals 10 April 1991.

*Ernest C. Richardson, III, for plaintiff-appellee Century 21,
Trent Properties, Ltd.*

*Ward, Ward, Willey & Ward, by Thomas M. Ward, for plaintiff-
appellee Elwood Maness.*

*Henderson, Baxter & Alford, P.A., by David S. Henderson, for defendant-appellants.*

WYNN, Judge.

This appeal questions the entitlement of plaintiff-appellees to recover real estate sales commissions allegedly due under the terms of a contract giving the defendant-appellants an option to purchase two separate tracts of land. The pertinent facts are as follows.

In April 1975, Alton Harris and his wife, Evelyn Harris, executed a contract giving defendant George W. Davis, Jr., two separate options to purchase two separate tracts of land. Each Option to Purchase provided that once the Harrises were notified of an intent to exercise an option, they were to convey the tract of land within ten days of the notice. Upon the exercise of the first option, the Harrises were to receive $300,000.00 and, upon the exercise of the second, $500,000.00. Prior to exercising the first option, Davis assigned partial interests in the Options to Purchase to defendants Jack P. Huddle and Jack P. Leavel.

The defendants exercised the first option under the agreement without incident. However, when the defendants notified the Harrises on 5 August 1988 of their intent to exercise the second option, the Harrises requested additional time within which to close the sale. Despite the ten-day closing requirement, defendants agreed to postpone the closing until 26 August 1988. When that date arrived, the Harrises either failed or refused to convey the subject property.

Defendants subsequently filed suit against the Harrises in an attempt to compel the conveyance of the second tract of land. In a letter dated 30 December 1988, defendants and the Harrises agreed to settle the lawsuit. In the letter, it was agreed that the Harrises would convey the subject property to the defendants in exchange for the previously agreed upon purchase price of $500,000.00, less the Harris' pro rata share of ad valorem taxes, and less the payoff amount of two pre-existing deeds of trust.

Following the settlement and subsequent dismissal of the suit between the defendants and the Harrises, the plaintiffs herein demanded $30,000.00 in real estate sales commissions from the defendants who, under the terms of the Option to Purchase, had agreed to pay six (6%) percent of the sales price "to Century 21

Trent Properties, Ltd., as a fee for negotiating [the] sale." When the defendants refused to pay the commission, Century 21 and Elwood Maness, a real estate agent employed by Century 21, brought this action against the defendants alleging that as third-party beneficiaries of the Option to Purchase contract between defendants and the Harrises, they were entitled to the benefit of the defendants' promise to the Harrises to pay the real estate sales commission. The defendants answered by generally denying that they were indebted to the plaintiffs, and by asserting as an affirmative defense the Harris' initial failure to convey the property in accordance with the terms of the Option to Purchase.

Following discovery, plaintiffs moved for summary judgment. After a hearing on the motion, the trial court granted summary judgment for plaintiffs. From the entry of summary judgment in favor of the plaintiffs, defendants appeal.

I

Defendants' sole assignment of error in this appeal is that the trial court erred in granting summary judgment in favor of the plaintiffs. For the reasons which follow, we disagree and, therefore, affirm the judgment of the trial court.

Summary judgment is properly granted where the pleadings, discovery documents and affidavits, when viewed in the light most favorable to the non-movant, support a finding that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Frendlich v. Vaughan's Foods of Henderson, Inc.*, 64 N.C. App. 332, 334, 307 S.E.2d 412, 414 (1983).

Defendants first contend that summary judgment was improperly granted because there was a genuine issue of material fact. They argue that because the land which the Harrises were essentially "forced" to sell under the threat of suit was not conveyed within the agreed upon time limitation, a question of fact existed as to whether the conveyance was made in accordance with the terms of the Option to Purchase. In our opinion, this does not raise a question of fact.

A determination of whether the land contemplated by the second option was conveyed in accordance with the terms of the Option to Purchase is a question of law which is determined by applying the language of this particular contract and the law of contracts in general to the facts of this case. Moreover, even if this were

a factual matter, there is no question but that the second parcel of land was not conveyed within the agreed upon time limitation. Accordingly, we find no genuine issue of material fact in this case.

**[1]** Defendants next contend that the plaintiffs were not entitled to judgment as a matter of law. We note initially that the case before us is atypical of the usual case involving the entitlement of a real estate broker to a sales commission. The usual case involves the situation where a seller, pursuant to a "listing agreement," contracts *with the broker* to pay the broker a sales commission in exchange for the broker's promise to procure a buyer for the seller's real property. *See, e.g., Ross v. Perry*, 281 N.C. 570, 189 S.E.2d 226 (1972); *S & W Realty Bonded Commercial Agency, Inc. v. Duckworth & Shelton*, 274 N.C. 243, 162 S.E.2d 486 (1968); *Bonn v. Summers*, 249 N.C. 357, 106 S.E.2d 470 (1959). In this case, however, the sellers contracted *with the buyers* for the buyers to pay the broker's commission. Thus, the general rule, which states that "when a broker, pursuant to an agreement *with the owner of certain real property*, procures a purchaser for that property who is ready, willing and able to buy the property upon the terms offered, he is entitled to his commission," *Tryon Realty Co. v. Hardison*, 62 N.C. App. 444, 448, 302 S.E.2d 895, 898 (1983) (emphasis added), is inapplicable. Instead, the basic rules relating to contracts for the benefit of third parties are more appropriate under the facts of this case.

" 'It is well-settled in North Carolina that where a contract between two parties is intended for the benefit of a third party, the latter may maintain an action in contract for its breach . . . .' " *Alva v. Cloniger*, 51 N.C. App. 602, 606, 277 S.E.2d 535, 538 (1981) (quoting *Howell v. Fisher*, 49 N.C. App. 488, 493, 272 S.E.2d 19, 23 (1980) ). In determining whether one is an intended beneficiary, the Restatement (Second) of Contracts § 302 (1979) provides useful guidance:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right of performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

In the instant case, it is clear that plaintiffs, having been expressly designated by name in the Option to Purchase to receive the benefit of a sales commission from the defendants, were intended beneficiaries of the promise made by the defendants to the Harrises. Our analysis of the parties' relationship in this case is consistent with the positions which they have respectively taken. In their complaint, plaintiffs expressly predicate their right to recovery on being third-party beneficiaries of the contract between defendants and the Harrises. Similarly, the defendants concede in their brief that the plaintiffs' right to recover, if any, arises out of "an obligation by the vendees to the vendor to pay . . . commissions . . . ." Having established that plaintiffs have a right to enforce the defendants' promise to the Harrises, we now turn to consider whether the trial judge was correct in determining that they should recover the benefit of that promise.

Paragraph (f) of the Option to Purchase provides, in pertinent part, as follows:

(4) If [the second] option is exercised as herein provided, the purchase price is Five Hundred Thousand and N0/100 Dollars ($500,000.00) and shall be paid in full in cash at closing. The purchase price shall be paid and each party shall execute any and all documents or papers that may be necessary within ten (10) days from the date of delivery of the notice of exercise of such option.

Paragraph (g) goes on to provide that,

(g) [i]f [the second option is] exercised and closed, a fee of six percent (6%) of the purchase price . . . shall be paid by George W. Davis, Jr. or assigns to Century 21 Trent Properties, Ltd., as a fee for negotiating this sale. The Seller shall not be responsible to any party for any commission in connection with this transaction.

[2] The defendants contend that since the closing of the second land sale was accomplished well after the ten-day time limit for closing had passed and then, only after suit to compel the sale had been commenced, they should not now be required to pay the sales commission which they had previously promised to pay. They argue that the ten-day closing requirement was a condi-

tion precedent to the performance of their obligation to pay the plaintiffs' commission. We find this argument unavailing.

While we have been unable to discover any cases in this State which set forth the defenses which are available to a promisor who is defending a suit brought by a third-party beneficiary, we again find the Restatement (Second) of Contracts instructive on the issue. There, it is provided that,

> (2) If a contract ceases to be binding in whole or in part because of impracticability, public policy, non-occurrence of a condition, or present or prospective failure of performance, the right of any beneficiary is to that extent discharged or modified.

Restatement (Second) of Contracts § 309(2) (1979).

Thus, under the Restatement view, the defendants would have a complete defense to the plaintiffs' action if they were able to establish that the ten-day closing requirement was a condition precedent to their obligation to pay the sales commission.

Careful scrutiny of paragraph (g) of the Option to Purchase clearly reveals that the only conditions precedent to the defendants' obligation to pay the six percent "fee" are the exercise of the second option and the subsequent closing of the sale. In our opinion, only a strained reading of the Option to Purchase could lead one to the conclusion that the ten-day closing requirement mentioned in subparagraph (f)(4) was intended to be a condition precedent to the defendants' obligation to pay the six percent fee. While the terms of the contract require a closing to occur before the defendants' duty to pay the fee arises, it was not a condition precedent that the transaction be closed within ten days of the defendants' exercise of the option in order to obligate the defendants to pay the fee.

We hold that the trial court was correct in concluding that the plaintiffs were entitled to recover from the defendants and in entering summary judgment in their favor. The judgment entered below is, therefore

Affirmed.

Judges ARNOLD and JOHNSON concur.